UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN C.,

                                                     Plaintiff,            Case # 20-CV-99-FPG

v.                                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                   Defendant.
_____

## INTRODUCTION

Plaintiff John C. brought this appeal of the Social Security Administration's ("SSA") decision to deny him disability benefits. ECF No. 1. On July 19, 2021, the Court granted Plaintiff's motion for judgment on the pleadings. ECF No. 12. Thereafter, the Court entered a Stipulation and Order awarding Plaintiff's attorney $5,549.96 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 18.

In December 2022, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $51,083.50—25% of his past due benefits—to pay his attorney. ECF No. 19-4 at 3. On December 22, 2022, Plaintiff moved for $45,000.00 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 19.

For the reasons that follow, Plaintiff's motion is GRANTED, counsel is awarded $45,000.00 in fees, and counsel shall remit the $5,549.96 in EAJA fees to Plaintiff.

## DISCUSSION

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

1

42 U.S.C. § 406(b)(1)(A).

Within the 25% percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, counsel's request for $45,000.00 in fees represents less than the amount that the SSA withheld from Plaintiff's past due benefits—$51,083.50—and there is no indication that the amount requested exceeds the statutory cap. *See* ECF No. 19-1 at 1-2. The Commissioner does not dispute this. *See* ECF No. 21 at 4.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved because counsel filed a motion for judgment on the pleadings with non-boilerplate arguments and obtained a remand, which ultimately led to a fully favorable decision awarding Plaintiff benefits. *See* ECF Nos. 8, 12. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due

benefits and the potential fee award. Counsel requested no extensions of time in this matter. ECF No. 19-9 at 6.

As to the third factor, that is, whether the fee award constitutes a windfall to the attorney, the Supreme Court has directed courts to consider "whether the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. This is not an invitation to apply the lodestar method, however. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) ("[T]he windfall factor does not constitute a way of reintroducing the lodestar method."). In *Fields*, the Second Circuit emphasized that the windfall analysis is primarily concerned with whether the fee was unearned. *Id.* at 856. Courts consider four factors in determining whether a fee is unearned: (1) whether counsel has a special "ability and expertise" that permits him to be particularly efficient, (2) whether counsel's relationship with the claimant predates the case in federal court, (3) whether the claimant is satisfied with the results, and (4) the level of uncertainty surrounding the likelihood of obtaining an award of benefits and the effort it took to achieve the award. *Id.* at 854-55. "A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern is really about." *Id.*

Here, the fee requested by counsel has been earned. Counsel has concentrated his practice in disability claims under the Social Security Act for thirty-five years and brings to his practice the knowledge and experience he gained as a State Agency Social Security Disability Analyst and Field Office Social Security Claims Representative prior to practicing law. *See* ECF No. 19-1 ¶¶ 9-11. This knowledge and experience allowed him to identify the relevant issues in Plaintiff's claim. *Id.* ¶ 11. Counsel has represented Plaintiff in administrative and judicial proceedings related

to this matter since 2016. *Id.* ¶ 3. Counsel's efforts on behalf of Plaintiff were particularly successful, resulting in a fully favorable decision and a six-figure award of past-due benefits, along with ongoing monthly benefits. ECF No. 19-4 at 2. There is no indication that Plaintiff objects to counsel's fee request. Plaintiff also agreed that his attorney would receive fees equal to 25% of past-due benefits awarded, ECF No. 19-2 at 1, an amount greater than that which counsel requests. The Court recognizes that, "[i]n the absence of a fixed-fee agreement, payment for an attorney in a Social Security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

Finally, while the Court acknowledges that the de facto hourly rate of $1,685.39 is relatively high, this Court "must consider more than the de facto hourly rate" in deciding whether there is a windfall. *Fields*, 24 F.4th at 854. Having considered counsel's specialization in Social Security matters, the length of the professional relationship, and the excellent results achieved for Plaintiff, the Court concludes that counsel's request does not constitute a windfall. *See id.* at 856. Moreover, this hourly rate is in line with the fees that courts have approved in the past. *See e.g.*, *id.* (de facto hourly rate of $1,556.98); *Begej v. Berryhill*, No. 14-CV-128, 2019 WL 2183105, at *2 (D. Conn. May 21, 2019) (de facto hourly rate of $1,289.06); *Eric K. v. Berryhill*, No. 15-CV-845, 2019 WL 1025791, at *3 (N.D.N.Y. March 4, 2019) (de facto hourly rate of $1,500); *Kanzanjian v. Astrue*, No. 09-CV-3678, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011 (de facto hourly rate of $2,100) *Boyd v. Barnhart*, No. 97-CV-7273, 2002 WL 32096590, at *3 (N.D.N.Y. Oct. 24, 2002) (de facto hourly rate of $1,324.52). Accordingly, the Court concludes that the requested fee of $45,000.00 is reasonable. Further, counsel must return the $5,549.96 in EAJA fees to Plaintiff.

**CONCLUSION**

Plaintiff's motion for attorney's fees under § 406(b), ECF No. 19, is GRANTED and Plaintiff is awarded $45,000.00 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, counsel must remit the $5,549.96 EAJA fee to Plaintiff.

IT IS SO ORDERED.

Dated: March 24, 2023
   Rochester, New York        HON. FRANK P. GERACI, JR.
                     United States District Judge
                     Western District of New York